YAN PING REN, Petitioner,

v.

U.S. DEPARTMENT OF JUSTICE, Respondent.

No. 07–1164–ag.

United States Court of Appeals, Second Circuit.

Feb. 14, 2008.

Dehai Zhang, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Lisa M. Arnold, Senior Litigation Counsel, Keith I. McManus, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. CHESTER J. STRAUB and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Yan Ping Ren, a native and citizen of the People's Republic of China, seeks review of a February 23, 2007 order of the BIA affirming the July 6, 2005 decision of Immigration Judge ("IJ") Vivienne E. Gordon–Uruakpa denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yan Ping Ren,* No. A 96 395 313 (B.I.A. Feb. 23, 2007), *aff'g* No. A 96 395 313 (Immig. Ct. N.Y. City, July 6, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

On appeal to the BIA, Ren's previous counsel, Henry N. Diaz, argued that the IJ erred in denying Ren's asylum claim; he said nothing about Ren's claims for withholding of removal and CAT relief. Ren's present counsel, Dehai Zhang, argues in the petition for review that the IJ erred in denying Ren's claims for withholding of removal and CAT relief; he says nothing about Ren's claim for asylum. We are perplexed as to present counsel's strategy in arguing only those claims that are now barred by prior counsel's failure to exhaust them, *see Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006), and by waiving the only claim that might otherwise remain viable, *see Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). We are even more perplexed by this counsel's failure to submit a reply brief on this issue after respondent specifically pointed it out. Whatever his reasons, he has failed to claim, much less demonstrate manifest injustice or any other ground on which we might conceivably review his client's claims and we therefore have no choice but to dismiss her petition for review.[1]

For the foregoing reasons, the petition for review is DISMISSED. As we have completed our review, petitioner's pending motion for a stay of removal in this petition is DISMISSED as moot.

**YAN GAO, Petitioner,**

v.

---

1. Even if we chose to ignore petitioner's waiver, however, we would deny the petition because the agency's adverse credibility determination was supported by substantial evidence. *See Dong Gao v. BIA,* 482 F.3d 122, 126 (2d Cir.2007).